UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Iconik Capital KG, and<br>Metrics Hongkong Pvt. Ltd<br><br>　　　　Plaintiffs,<br><br>v.<br><br>John Doe<br><br>　　　　Defendant<br><br>&<br><br>Citibank N.A.,<br><br>　　　　Nominal Defendant | Case No. __1:25-CV-5285__<br><br>**COMPLAINT FOR EQUITABLE RELIEF** |

Plaintiffs Iconik Capital KG ("Iconik") and Metrics Hongkong Pvt. Ltd. ("Metrics"), by and through their undersigned counsel, allege as follows:

I.   **INTRODUCTION**

　　1.　　This is an action for emergency equitable relief and declaratory judgment arising from a fraudulent scheme in which Iconik was induced to wire $1.5 million to a U.S. bank account opened at Citibank, N.A. ("Citibank") under the false pretense that it belonged to Metrics Hongkong Pvt. Ltd.

　　2.　　In truth, the Citibank account was opened and controlled by Defendant John Doe, an unknown fraudster ("Doe") who impersonated a principal of Metrics using stolen identity documents and forged communications.

　　3.　　Citibank has frozen the account containing the fraudulently obtained funds but has refused to return the money to its rightful owner absent a court order.

4.      Plaintiffs seek an immediate order preserving the status quo and compelling the return of the misappropriated funds to Iconik.

## II.   JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship), as the amount in controversy exceeds $75,000 and the parties are citizens of different countries.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District and the bank account in question is maintained by Citibank, N.A., which conducts substantial operations in this District.

## III.  PARTIES

7.      Plaintiff Iconik Capital KG is a private investment firm organized and existing under the laws of Germany, with its principal place of business in Germany.

8.      Plaintiff Metrics Hongkong Pvt. Ltd. is a private company incorporated in Hong Kong, controlled and beneficially owned by Mr. Hiten Shah ("Shah"), a US citizen residing in Ohio. Metrics is a victim of identity theft; it was not involved in, and did not authorize, the opening of the subject bank account.

9.      Defendant John Doe is an unknown individual or entity who fraudulently induced Iconik to transfer $1.5 million under false pretenses and opened an account at Citibank using stolen identity information belonging to Metrics.

10.     Nominal Defendant Citibank, N.A. is a national banking association with its principal place of business in New York, New York. Citibank is not currently alleged to have committed wrongdoing but is named to facilitate the equitable relief sought herein.

## IV.     FACTUAL ALLEGATIONS

11.     In March 2025, an individual impersonating Shah and purporting to be a co-investor in a private fund (the "Fund"), offered to sell $1.5 million worth of his interest in the Fund to Iconik.

12.     For the purpose of orchestrating the fraud and receiving the money, John Doe opened a bank account at Citibank in the name of Metrics Hongkong Pvt. Ltd. using Metric's mailing address of 625 Bear Run Lane, Lewis Center, OH 43035.

13.     Iconik agreed to the purchase and was instructed to wire $1.5 million to this bank account. Metrics Hongkong Pvt. Ltd. is the record holder of the $1.5 million worth of interest in the Fund, and therefore Iconik did not have any reason to question the Wire Instructions. The wire instructions for the money wire to Citibank named Metrics as the beneficiary as well as Metric's address as the beneficiary address.

14.     Believing the instructions to be genuine, Iconik wired $1.5 million to the fraudulent account on or about April 1, 2025.

15.     Days later, the true principal of Metrics contacted Iconik through the Fund manager, stating that he had not authorized the transaction and that his identity had been stolen.

16.     Iconik immediately contacted its bank, UniCredit, and reported the fraud. Citibank subsequently froze the recipient account and the funds.

17.     Despite multiple communications from both Iconik and Metrics confirming the fraud, Citibank has refused to return the misappropriated funds absent a court order.

18.     The principal of Metrics and the victim of the identity theft, Mr. Hiten Shah ("Shah") filed a police report with law enforcement authorities in Metrics' home jurisdiction, and verified his identity with the police department.

19. The misappropriated funds remain in the Citibank account, are readily identifiable, and eligible for recovery. No other parties have claimed ownership.

## V.  CAUSES OF ACTION

### COUNT I – Declaratory Relief (28 U.S.C. § 2201)

19. Plaintiffs hereby incorporate by reference allegations in paragraphs 1-18.

20. An actual controversy exists between Plaintiffs and the Defendants regarding the rightful ownership and disposition of the $1.5 million USD currently frozen in a Citibank, N.A. account held in the name of "Metrics Hongkong Pvt. Ltd."

21. Iconik transferred the funds in reliance on fraudulent misrepresentations made by Defendant Doe while impersonating Plaintiff Metrics.

22. The recipient account at Citibank was opened using false and stolen identity documentation in the name of Metrics, without the knowledge or consent of Metrics or its authorized officers.

23. Because Citibank has actual possession of the disputed funds and refuses to release them, judicial intervention is necessary to determine the rights of the parties and resolve the dispute.

24. Plaintiffs seek a declaratory judgment that:

    A. Iconik was fraudulently induced to transfer $1.5 million to a Citibank account that was opened through identity theft;

    B. Metrics was not involved in or aware of the account set up under its name or the transaction;

    C. The funds are rightfully the property of Iconik;

  D.  Citibank may and should return the funds to Iconik.

### COUNT II – Equitable Relief: Constructive Trust

25. As a result of the fraudulent scheme perpetrated by Defendant Doe, Iconik was wrongfully induced to transfer $1.5 million USD to an account that was not legitimately controlled by the intended counterparty.

26. As the funds were obtained through fraudulent misrepresentation and without any legal or equitable entitlement by the recipient, they are subject to the imposition of a constructive trust for the benefit of Iconik.

27. No legitimate basis exists for withholding the return of the funds to Iconik.

28. Equity and good conscience require that the funds be returned to Iconik, which was the rightful owner prior to the fraudulent inducement.

29. Plaintiffs seek an order declaring that the funds are held in constructive trust for Iconik's benefit and directing the return of the funds to Iconik as restitution for unjust enrichment.

### COUNT III – Conversion (on behalf of Iconik Capital KG)

30. On or about May 1, 2025, Iconik transferred $1.5 million USD to a U.S.-based Citibank account that, unbeknownst to Iconik, was fraudulently opened and controlled by Defendant John Doe through the unauthorized use of Metrics' corporate identity and Shah's personal identity.

31. The funds were intended to be delivered in connection with a legitimate investment transaction, but were instead diverted by Defendant John Doe through misrepresentation, fraud, and impersonation.

32. As a direct and proximate result of Defendant John Doe's conduct, Iconik was wrongfully deprived of possession, use, and benefit of the $1.5 million.

33. Defendant John Doe's unauthorized exercise of dominion and control over the funds was willful, without lawful justification, and in violation of Iconik's rights.

34. The funds are specific, identifiable, and remain traceable in a frozen account at Citibank.

35. Iconik is entitled to immediate possession of the funds and seeks judgment against Defendant John Doe for conversion, including the return of the funds and any other relief the Court deems just and proper.

**COUNT IV – Unjust Enrichment (on behalf of Iconik Capital KG)**

36. As a result of a fraudulent scheme perpetrated by Defendant John Doe, Iconik transferred $1.5 million USD to a Citibank account fraudulently opened in the name of Metrics Hongkong Pvt. Ltd.

37. Defendant John Doe, or parties acting in concert with him, received and benefitted from the funds transferred by Iconik, without legal justification or entitlement.

38. The funds were conferred upon Defendant John Doe at Iconik's expense, based on false pretenses, misrepresentations, and unauthorized use of third-party identity documents.

39. Defendant John Doe had no right to the funds and retained a benefit to which he was not legally or equitably entitled.

40. It would be unjust and inequitable for Defendant John Doe to retain the benefit of the $1.5 million transfer, and equity demands that such funds be returned to Iconik.

41. Iconik seeks restitution in the amount of $1.5 million, or such other relief as the Court deems just and proper, to prevent unjust enrichment of Defendant John Doe.

### COUNT IV – Identity Theft (on behalf of Metrics)

42. Defendant John Doe unlawfully used identifying information of Metrics and its principal to open the Citibank account and execute the fraudulent scheme.

43. The fraudulent account was opened using falsified corporate documents and impersonated communications that misrepresented the identity and authorization of Metrics' officers.

44. Metrics had no knowledge of the account's existence until it was alerted by Iconik following the wire transfer.

45. The impersonation and unauthorized use of Metrics' identity constitute a clear violation of Metrics' legal rights and subject the unknown fraudster to civil liability for identity theft, misrepresentation, and fraud.

46. While the true identity of the fraudster remains unknown, Plaintiffs request leave to amend the Complaint to identify Defendant John Doe once discovery or law enforcement reveals additional facts.

## VI. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment:

A. Declaring that the $1.5 million held at Citibank was fraudulently obtained and rightfully belongs to Iconik;

B. Compelling Citibank to return the funds to Iconik;

C. Compelling Citibank to close the fraudulent account;

D. Enjoining Citibank from releasing the funds to any other party;

E. Imposing a constructive trust over the funds;

F. Awarding attorneys' fees and costs, to the extent allowed by law; and

G. Granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED

Dated: June 24, 2025                                          CHUGH, LLP

                                                              By:   *s/ Maureen Abbey Scorese*
                                                                    Maureen Abbey Scorese

                                                              Maureen Abbey Scorese
                                                              *Maureen.scorese@chugh.com*
                                                              CHUGH, LLP
                                                              295 Pierson Ave.,
                                                              Ste. 201
                                                              Edison, NJ 08837
                                                              Phone: (732) 662-5933

                                                              Hooman Yavi (pro hac vice application forthcoming)
                                                              *Hooman.yavi@chugh.com*
                                                              CHUGH, LLP
                                                              1600 Duane Ave.,
                                                              Santa Clara, CA 95054
                                                              Phone: (408) 343-7633

                                                              *Attorneys for Plaintiffs*